James, J.
The bill of exceptions in this case presents but two questions for review. The first is, the prisoner’s objection to proving what he testified to on the hearing before the referee in the divorce suit; and the second, his objection to a question put to his wife, a witness after divorce, on behalf of the people. Both were overruled.
The first exception was placed upon two grounds: 1st, That the prisoner was not a competent witness in the action, and anything he might swear to therein was not material or admissible, and that perjury could not be assigned thereon; 2d, That the testimony was immaterial.
The statutes declare that “ every person who shall willfully and corruptly swear, testify or affirm falsely, to any material matter, upon any oath, affirmation or declaration legally administered in any matter, cause or proceeding depending in any court of law or equity, or before any officer thereof, shall, upon conviction, be adjudged guilty of perjury.” (2 R. S., 681.) The testimony offered to be proven was given before an officer of the court in a proceeding in an action, and was a fact tending directly to establish the main issue submitted to the referee, and therefore material.
As to the competency of a plaintiff as a witness in his own behalf, in an action for a divorce, before the amendments to the Code in 1857, the law was well settled and. understood. Since then, there has been considerable conflict of opinion among the profession, and some on the bench. Although no case has yet been decided holding that, in an action between husband and wife, the parties were competent witnesses, it has been decided by the Supreme Court that where a husband and wife were co-defendants they could be witnesses in their *88 own. behalf.' (Marsh v. Potter, 30 Barb., 506.) The- hearing in the divorce suit before the referee was after the amendments to the Code in 1857, and that act, as thus amended (Code, § 399), entirely changed the rule- of la# as it formerly existed in the admission of parties as witnesses. This statute is very broad and comprehensive. It says ? “ A party to an action may •be examined as a witness, the same as any other witness thus placing parties upon the same footing as other witnesses. No limitation, qualification or restriction is* imposed1 by the lawmaking power, and. the courts should refrain from imposing any, unless required to do so-by public policy. Forthe reasons advanced in Marsh v. Potter (supra), I am' of the opinion that the Code covers this case, and that the prisoner was a- competent witness iru his own behalf in the action for a divorce.
In thus holding, it does not follow that the evidence given on the: hearing was admissible. On the contrary, I am clearly of the. opinion that it wás not. , A rule of law intervenes to-prevent it. It is well settled that neither husband nor wife are competent to prove non-access during wedlock, whatever may be-the form of legal proceedings, or whoever-may be the parties thereto. (Rex v. Book, 1 Wils., 340; Rex v.. Luffe, 8 East., 203; Rex v. Kea, 11 id., 132; Rex v. Mansfield, &c., 1 Q. B., 444; Rex v. Sourton, &c., 5 Adol. & Ellis, 180.) This rule was established independently of any possible motives of interest in the particular, case, upon principles of public policy and decency- (Goodright v. Moss, Cowp., 594); and it has not been, and was not-intended to-be, changed or affected by the Code.
Although the testimony inquired after was= clearly incompetent and inadmissible in- the action in which it was given, still its- admission did not render it immaterial; The referee erred- in receiving.it-;. but that error-did not destroy its materiality. Were it false, perjury could be predicated upon it. It was-held, in Van Steenbergh v. Kortz (10 J. R, 167), that a party erroneously sworn in his own behalf might be guilty of perjury, especially where the proceedings remained unreversed ;■ and the- doctrine of that case was approved in Pratt v. Price (11 Wend., 128).
*89 The second exception is to the decision of the court overruling the objection to the following question, put to the divorced wife, viz.: “Have you ever had sexual intercourse with any person other than your husband?’’ The objection was not to the form of the question, and, therefore, the simple proposition is, whether the objection was properly overruled. There is no principle in the law, and no adjudged case, which would authorize the exclusion of the testimony called for by that question. On the contrary, it has been adjudged that a witness, situated precisely as this witness was, in an action of crim. con., was competent, and such testimony admissible. (Ratcliff v. Wales, 1 Hill, 63; Babcock v. Booth, 2 id., 186.) As the witness had been divorced, the objection rested on the fact that she had been the wife of the prisoner, and, therefore, incompetent to testify to anything that had occurred, even her own criminal act, during coverture. The- proposition is, no doubt, fully established by the authorities, that, even after the dissolution of the marriage contract, the husband and wife are not, in general, admissible to testify against each other as to any matter which occurred during the existence of that relation. (Monroe v. Twisleton, Peake’s Add. Cas., 219; Doker v. Hasler, Ry. & Mo., 198; Barnes v. Camack, 1 Barb., 392; State v. Phelps, 2 Tyler, 374; 1 Greenl. Ev., §§ 337, 338.) In 1st Phillips’ Evidence, 83, the reason of the rule is thus stated: “This," as Lord Ellexborough has said,“ is on the ground that the confidence which subsisted between them at the time shall not be violated in consequence of any future separation.” The general rule, that the husband and wife will not be permitted to testify as to what occurred during the marriage relation, even after the marriage contract is dissolved, is, no doubt, a wise and salutary rule. Its object is, that the most entire confidence may exist between them, and that there may be no apprehension that such confidence can, at any time, or in any event, be violated, so far, at least, as regards any testimony or disclosure in a court of justice.
But the question now under consideration comes neither within the rule nor the principle of the rule. The witness was *90 not called upon to betray any trust or confidence which the husband had reposed in her during coverture; nor did the fact which she was offered to prove come to her knowledge in consequence of the marriage relation. It called for acts independent of and outside her coverture. There is nothing, therefore, in the rule of law on this subject which would warrant the exclusion of her testimony in the present case.
In bastardy cases, where the mother is a married woman, it has been uniformly held that the wife was not a competent witness to prove the non-access of the husband; although, from the necessity of the thing, she has been constantly admitted to prove the criminal intercourse by which the child was begotten. (Ratcliffe v. Wales, supra, and other cases there cited.)
But the principles laid down in the bastardy cases, and upon which the counsel for the prisoner seem to rely, have no application to the question now under consideration.
Neither of the exceptions to the .admission of evidence were well taken; and the judgment should be affirmed.
The court did not pass upon the question of the competency of husband and wife as witnesses against each other generally, in a suit between them.
.All the-judges concurring in other respects,
Judgment affirmed.